# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

ALEKSANDER SKARZYNSKI,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
Plaintiff,　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　)　NO. 2:14-CV-388
　　　vs.　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　)
COMMUNITY CARE NETWORK, INC. *et al.*,)
　　　　　　　　　　　　　　　　　　　　　)
Defendants.　　　　　　　　　　　　　　　)

## OPINION AND ORDER

This matter is before the Court on the Motion to Allow Appeal, filed on July 28, 2017 and Motion to Allow Appeal No. 2, filed on August 11, 2017. (DE ## 43 and 48). For the reasons set forth below, the motions are **DENIED**.

The instant motions seek permission to appeal prior to entry of a final judgment, otherwise known as an interlocutory appeal. Interlocutory appeals are governed by Title 28 U.S.C. section 1292(b), which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

An interlocutory appeal is available only when: "(1) the appeal presents a question of law; (2) it is controlling; (3) it is

contestable; (4) its resolution will expedite the resolution of the litigation; and (5) the petition to appeal is filed in the district court within a reasonable amount of time after entry of the order sought to be appealed." *Boim v. Quranic Literacy Inst.*, 291 F.3d 1000, 1007 (7th Cir. 2002).

Certificates of appealability under this section are generally disfavored because they "frequently cause unnecessary delays in lower court proceedings and waste the resources of an already overburdened judicial system." *Herdrich v. Pegram*, 154 F.3d 362, 368 (7th Cir. 1998), *rev'd on other grounds*, 530 U.S. 211 (2000). Thus, the party seeking an interlocutory appeal must show that "exceptional circumstances justify the departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). Therefore, "the preferred practice is to defer appellate review until the entry of a final judgment...." *Herdrich*, 154 F.3d at 368.

Skarzynski seeks to appeal several orders. (DE ## 8, 27, 30, 38, 42, and 47). As to each of these orders, Skarzynski has failed to meet his burden of showing that exceptional circumstances justify departure from this Circuit's general policy of postponing appellate review until after the entry of final judgment. *See Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674. 676 (7th Cir. 2000)("Unless *all* the[] criteria are satisfied, the

district court may not and should not certify its order to us for an immediate appeal under section 1292(b)."). Accordingly, this Court exercises its discretion to deny the requests for interlocutory appeal. *See Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995)("Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals."); *Kuzinski v. Schering Corp.*, 614 F.Supp.2d 247, 249 (D. Conn. 2009)("Even where [the criteria for an interlocutory appeal] are met, the Court retains discretion to deny permission for interlocutory appeal.").

For these reasons, the Motion to Allow Appeal and Motion to Allow Appeal No. 2 (DE ## 43 and 48) are **DENIED**.

**DATED: September 11, 2017**                /s/ RUDY LOZANO, Judge
                                             **United States District Court**

3