UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ALEKSANDER SKARZYNSKI,<br>    Plaintiff, | )<br>)<br>) | |
| v. | ) | CAUSE NO. 2:14-CV-388-RL-JEM |
| | ) | |
| COMMUNITY CARE NETWORK,<br>INC., *et al.*,<br>    Defendants. | )<br>)<br>)<br>) | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(3) and Local Rule 72-1**

This matter is before the Court on a "Response to Magistrate Judge Oder to Show Cause 'Sua Sponte'" [DE 58], filed by Plaintiff Skarzynski, *pro se*, in response to the Court's Order to Show Cause of February 22, 2018.

On April 3, 2017, the Court accepted Plaintiff's Amended Complaint and ordered Plaintiff Skarzynski, *pro se*, to serve it on Defendants in accordance with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 4(m) provides, in part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court extended the deadline for service of the Amended Complaint, first on Plaintiff's Motion and again when it denied Plaintiff's Motion to Transfer. The final deadline of August 18, 2017, has long expired, and there is no indication on the docket that any defendant has been served, nor has Plaintiff requested an extension of time to effect service. Accordingly, on February 22, 2018, the Court ordered Plaintiff to show cause in writing why he has not complied with the Court's Orders to serve Defendants. The docket reflects

that he received the Order to Show Cause on March 7, 2018.

On March 7, 2018, Plaintiff filed the instant Response to the Order to Show Cause. It includes recitations of facts and allegations about the dispute underlying the case and arguments about how the case has proceeded thus far, but does not address service of the Amended Complaint on Defendants, and there is no indication in the Response or elsewhere on the docket that he has attempted service. Since the case cannot proceed until the Defendants have been made aware of it, and the deadline by which to do so has long expired, it does not appear that Plaintiff is proceeding diligently with his case as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(m), 41(b).

The power to dismiss a case or party "*sua sponte* is predicated on the inherent power vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Schilling v. Walworth Cnty. Park & Planning Comm'n,,* 805 F.2d 272, 274-75 (7th Cir. 1986) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) (quotation marks omitted)). "The sanction of dismissal is appropriate only in extreme situations 'when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing.'" *English v. Cowell*, 969 F.2d 465, 473 (7th Cir. 1992) (quoting *Schilling*, 805 F.2d at 275) (other citations omitted).

Given the conduct of Plaintiff Skarzynski, the Court concludes that this is one of those extreme situations. He has failed to serve the Amended Complaint on Defendants, despite numerous reminders and even extensions from the Court to allow him sufficient time to do so, and provided no explanation for that failure in response to the Order to Show Cause. Before dismissing a party, "there should be an explicit warning in every case" that dismissal may result, although "[d]ue

2

warning' need not be repeated warnings and need not be formalized in a rule to show cause." *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993). In this case, "due warning" was formalized in the Show Cause Order, as well as in other written reminders to Plaintiff of his need to comply with the applicable Federal Rules and effect service on Defendants. The Court finds that dismissal is warranted by Plaintiff's failure to comply with the Order to Show Cause or to serve the Amended Complaint.

Accordingly, the Court finds that no cause has been shown and **RECOMMENDS** that the District Court **DISMISS this case without prejudice**.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-61 (7th Cir. 1989).

SO ORDERED this 5th day of April, 2018.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:   Judge Rudy Lozano  
     All counsel of record  
     Plaintiff Skarzynski, *pro se*, by first class and certified mail, return receipt requested