```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF INDIANA
            HAMMOND DIVISION
```

|                          |   |                   |
|--------------------------|---|-------------------|
| ALEKSANDER SKARZYNSKI,   ) |                   |
|                          ) |                   |
|     Plaintiff,           ) |                   |
|                          ) |                   |
|   v.                     ) | NO. 2:14-CV-388   |
|                          ) |                   |
| COMMUNITY CARE NETWORK,  ) |                   |
| INC., et al.,            ) |                   |
|                          ) |                   |
|     Defendants.          ) |                   |

**OPINION AND ORDER**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Pursuant to 28 U.S.C. § 636(b)(3) and Local Rule 72-1, filed on April 5, 2018 ("Report and Recommendation") (DE #61), and the Motion to Allow (Interlocutory) Appeal, filed by *pro se* Plaintiff, Aleksander Skarzynski, on April 16, 2018 (DE #73). For the reasons set forth below, the motion (DE #73) is **DENIED,** and the Report and Recommendation (DE #61) is **ADOPTED**. Accordingly, the Clerk is **ORDERED** to **DISMISS** this case **WITHOUT PREJUDICE**.

BACKGROUND

Plaintiff filed a *pro se* qui tam complaint on October 21, 2014. Plaintiff served the Government, but none of the defendants,

with his complaint. The Court ordered the Government to show cause as to why 31 U.S.C. § 3730(b)(4) had not been complied with. (DE #22.) After the Government responded to the order to show cause, the Court *sua sponte* dismissed Plaintiff's qui tam claims and granted Plaintiff time in which to file an amended complaint alleging only non-qui tam claims stemming from his alleged wrongful termination. (DE #27.)

On April 3, 2017, the Court accepted Plaintiff's Amended Complaint and ordered Plaintiff to serve it on the defendants in accordance with the Federal Rules of Civil Procedure. (DE #30.) The Court extended the deadline for service of the Amended Complaint, first on Plaintiff's motion and again when it denied Plaintiff's motion to transfer. (DE #38, DE #47.) The final deadline of August 18, 2017, expired without any indication on the docket that any defendant has been served. On February 22, 2018, the Court ordered Plaintiff to show cause why he had not complied with the Court's Orders to serve the defendants. (DE #53.) Plaintiff responded to the order to show cause, but failed to address service of the Amended Complaint on the defendants. Magistrate Judge Martin issued the Report and Recommendation on April 5, 2018, recommending dismissal without prejudice, and notifying Plaintiff that he had fourteen days to file objections thereto. (DE #61.) Thereafter, Plaintiff filed several motions,

including the instant motion for interlocutory appeal of the Report and Recommendation on April 17, 2018.[1] (DE #73.)

DISCUSSION

In response to the Report and Recommendation, Plaintiff filed a motion to allow an interlocutory appeal of the Report and Recommendation. "The proper method by which to challenge a non-dispositive order is by filing an objection or appeal of the Magistrate Judge's decision under Federal Rule of Civil Procedure 72(a)." *Westbrook v. Bridges Cmty. Servs.,* No. 116CV02913TWPDML, 2017 WL 3503306, at *1 (S.D. Ind. Aug. 15, 2017). Because Plaintiff proceeds *pro se*, "the Court liberally construes his motion and the filing is treated as a timely objection to the [Report and Recommendation], as opposed to a motion for interlocutory appeal." *Id*. (citing *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001)). For the reasons below, the Court denies Plaintiff's appeal of the Report and Recommendation.

When a party makes objections to a magistrate judge's recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or

---

[1] The Court notes that the Report and Recommendation that was mailed to Plaintiff's address in Indiana was returned as undeliverable on April 20, 2018. (DE #74.) The envelope indicates that it had been forwarded to California, where it was returned because Plaintiff was not at that address. Plaintiff is reminded that he is under a continuing obligation to apprise the Clerk of Court of any change in his address. *See Robey v. Weaver Popcorn Co., Inc.*, No. 1:16-CV-281-TLS, 2018 WL 1054156, at *1 (N.D. Ind. Feb. 26, 2018) ("[I]t is [the plaintiff's] responsibility to keep the Court appraised of any change of address.") (citation omitted).

recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "[T]he court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see* Fed. R. Civ. P. 72(b). Here, it is undisputed that the Court granted Plaintiff time in which to serve the defendants with the Amended Complaint, and that Plaintiff has not served any of the defendants.

Plaintiff claims that he timely served the original compliant on the U.S. Attorney and Attorney General.[2] He alleges that he was unable to serve the original complaint on the defendants because the complaint was sealed. He argues that service of the Amended Complaint would have been futile because amendment does not restart the time to serve. (DE #73 at 13.) It is true that "[t]he purpose of allowing complaints to be amended is to enable the pleadings to be conformed to the developing evidence rather than to extend the time for service indefinitely." *Del Raine v. Carlson*, 826 F.2d 698, 705 (7th Cir. 1987). However, Rule 4(m) of the Federal Rules of Civil Procedure provides that if a defendant is not served within the applicable time limit, the court "must

---

[2] Plaintiff contends that the Court should apply a 120-day time limit, rather than the current 90-day time limit under Rule 4(m), to determine whether he timely served the original complaint on the Government. As the issue before the Court is whether Plaintiff timely served the Amended Complaint on the defendants, the Court need not resolve this issue and will assume the original complaint was timely served on the Government. Moreover, even if the 120-day deadline applied, Plaintiff did not serve any defendant within 120 days of the acceptance of his Amended Complaint on April 3, 2017.

dismiss the action without prejudice against that defendant *or* order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). Thus, Rule 4(m) authorizes courts to provide additional time for service "even if there is no good cause shown." Notes of the Advisory Committee on 1993 Amendments to Rule 4(m). Here, the Court ordered Plaintiff to serve the Amended Complaint within a specified time. Plaintiff did not do so, despite being provided with multiple extensions.

Plaintiff also argues that the Court improperly dismissed his qui tam claims *sua sponte,* and that his original complaint should be reinstated. The law is clear that a plaintiff proceeding *pro se* cannot pursue a qui tam claim on the government's behalf: "a qui tam relator—even one with a personal bone to pick with the defendant—sues on behalf of the government and not himself. He therefore must comply with the general rule prohibiting nonlawyers from representing other litigants." *U.S. ex rel. Szymczak v. Covenant Healthcare Sys., Inc.,* 207 F. App'x 731, 732 (7th Cir. 2006); *see U.S. ex rel. Lu v. Ou*, 368 F.3d 773, 775-76 (7th Cir. 2004) ("a *pro se* relator cannot prosecute a qui tam action, because he is acting as an attorney for the government"), *rev'd on other grounds, Eisenstein v. City of New York*, *New York,* 129 S. Ct. 2230 (2009). "If a person brings a qui tam claim based on the [False Claims Act], and he or she proceeds *pro se*, the district court will lack subject matter jurisdiction over the claim." *Deutsche*

*Bank Nat'l Trust Co. v. Holyfield,* 309 Fed. App'x 331, 332–33 (11th Cir. 2009) (citing *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008)); *see Brantley v. Title First Titling Agency,* No. 1:12-CV-608, 2012 WL 6725592, at *3 (S.D. Ohio Sept. 27, 2012), *R. & R. adopted*, No. 1:12CV608, 2012 WL 6725591 (S.D. Ohio Dec. 27, 2012) ("[T]his Court lacks subject matter jurisdiction to hear a qui tam action brought on behalf of the United States by a *pro se* litigant.") (collecting cases). "A federal district court may dismiss *sua sponte* claims over which there is no subject matter jurisdiction." *Abramson v. Abramson*, 991 F.2d 799 (7th Cir. 1993) (citing Fed. R. Civ. P. 12(h)(3)); *see Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) ("[N]ot only may the federal courts police subject matter jurisdiction *sua sponte*, they must."). Plaintiff attempted to retain counsel, but was unsuccessful. Because Plaintiff has proceeded *pro se*, he cannot bring qui tam claims, and the Court properly dismissed those claims *sua sponte*.

Plaintiff asserts that he cannot serve the Amended Complaint because his right-to-sue letter was stolen, and without the right-to-sue letter, defendant Community Care Network, Inc. ("Community") can object to the claim.[3] But "a plaintiff is not required to attach a right-to-sue letter to her complaint."

---

[3] One of the pleadings identified by Plaintiff contains a right-to-sue letter dated July 29, 2014. (DE #35 at 68.)

*Sturgill v. Schneider Elec.,* No. 1:17-CV-500-TLS, 2018 WL 1257441, at *2 (N.D. Ind. Mar. 12, 2018) (citations omitted); *see Swoope v. Gary Cmty. Sch. Corp.,* No. 2:10-CV-423-RL, 2012 WL 3732838, at *2 (N.D. Ind. Aug. 28, 2012) (same). Thus, Plaintiff's current lack of a copy of his right-to-sue letter does not excuse him from serving the Amended Complaint on the defendants.

The Court finds no basis for excusing Plaintiff from his duty to comply with the time frame set forth by the Court. It is undisputed that Plaintiff failed to serve any of the defendants with the Amended Complaint by the deadline of August 18, 2017. Plaintiff has offered no evidence of any attempt to serve any of the defendants. Since the final deadline by which to serve the defendants has long expired, it does not appear that Plaintiff has proceeded diligently with his case as required by the Federal Rules of Civil Procedure.

CONCLUSION

For the reasons set forth below, Plaintiff's motion (DE #73) is **DENIED** and the report and recommendation (DE #61) is **ADOPTED**. Accordingly, the Clerk is **ORDERED** to **DISMISS** this case **WITHOUT PREJUDICE.**

**DATED: May 15, 2018**               **/s/ RUDY LOZANO, Judge**
                                      **United States District Court**